UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK JAMAL JONES,

                Petitioner,                Case No. 1:11-cv-1105

v.                                            Honorable Gordon J. Quist

CARMEN D. PALMER,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Derek Jamal Jones is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory. In May 2009, he was convicted of conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to rob while armed, MICH. COMP. LAWS § 750.89, assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, and felony firearm, MICH. COMP. LAWS § 750.227b. On July 7, 2009, Petitioner was sentenced to concurrent terms of incarceration of 15 years and five months to 25 years for each of his conspiracy and assault-with-intent-to-rob convictions, 6 to 10 years for his assault-with-intent-to-do-great-bodily-harm conviction and two years for the felony-firearm conviction.[1]

Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court, which denied his appeals on February 10, 2011, and July 25, 2011, respectively. In his habeas petition, Petitioner raises the following two grounds for relief, both of which were presented on appeal to the Michigan Court of Appeals and the Michigan Supreme Court:

    I.    IT WAS REVERSIBLE ERROR TO ADMIT TRACKING DOG EVIDENCE AS THE PROSECUTION FAILED TO ELICIT A SUFFICIENT FOUNDATION FOR THE USE OF SUCH EVIDENCE.

    II.    [PETITIONER] MUST BE RESENTENCED WHERE THE CIRCUIT COURT JUDGE ERRONEOUSLY SCORED OFFENSE VARIABLE OV-7, VIOLATING [PETITIONER'S] CONSTITUTIONAL RIGHT TO BE SENTENCED ON ACCURATE INFORMATION AND IN ACCORDANCE WITH SENTENCING LAW.

(Pet. at 4, 5, docket #1.)

---

[1] The details regarding Petitioner's respective convictions and sentences were obtained from his petition and his profile on the MDOC's Offender Tracking Information System, which is available at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=730588.

**Discussion**

I.        Ground One: admission of evidence

Petitioner contends that the trial court erroneously admitted certain evidence because the evidence lacked a sufficient foundation. The appellate brief filed by Petitioner's counsel provides the details surrounding Petitioner's claim. (*See* Ex. C, docket #1-3.) It appears that during Petitioner's criminal trial, the prosecution introduced testimony from a police officer who had used a tracking dog to follow a trail from the scene of the crime to a nearby house. (*See id.* at Page ID#25.) The officer had been told that the suspect was seen running toward that house. After the officer followed the trail to the house, he saw Petitioner leave the side door. (*Id.*) Petitioner, through his counsel, argued on appeal that a court may not admit tracking dog evidence unless the prosecution first shows that:

> (1) the handler was qualified to use the dog; (2) the dog was trained and accurate in tracking humans; (3) the dog was placed on the trail where circumstances indicate the alleged guilty party to have been; and, (4) the trail had not become so stale or contaminated as to be beyond the dog's competency to follow it.

*People v. Harper*, 404 N.W.2d 263, 268 (Mich. Ct. App. 1972). Petitioner argued that the prosecution failed to show the fourth factor, i.e., that the trail used by the tracking dog was not so contaminated that the dog could not follow it. (*See* Ex. C, Page ID#32-33.)

The federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a). Accordingly, a petition states a claim for federal habeas relief only if it alleges that petitioner is in custody in violation of the United States Constitution or laws. *Mabry v. Johnson*, 467 U.S. 504, 507 (1984). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Oviedo v.*

*Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ("The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.").

The question of whether the trial court properly admitted the tracking dog evidence is purely an issue of state law and is not cognizable in habeas proceedings. As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry into whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. A state-court evidentiary ruling cannot rise to the level of a due process violation unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552.

Further, under the AEDPA, the Court may not grant relief if it would have decided the evidentiary question differently. The Court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).

Petitioner does not assert that the admission of the tracking dog evidence infringed any of his rights under the Constitution or conflicted with a decision by the Supreme Court. He

merely argues that the evidence was not admissible under state law. Thus, his claim regarding the admission of the tracking dog evidence is purely an issue of state law and is not a basis for federal habeas relief.

## II. Ground Two: sentencing error

Petitioner further contends that the state court improperly scored a sentencing variable in determining his sentence. In particular, he asserts that:

> Defense counsel objected to [Offense Variable 7] being scored at 50 points for sadism, torture or excessive brutality. That score was not warranted because there was a struggle over the gun following which [the victim,] Mr. Castillo[,] was shot twice. The infliction of those wounds did not warrant the 50 point assessment. A sentence based on inaccurate information violates due process. . . .

(Pet. at 5, docket #1, Page ID#5.)

A error in the application of state sentencing statutes is an issue of state law. Although errors of state law are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley*, 465 U.S. at 41). A sentence imposed on the basis of material "misinformation of constitutional magnitude" may violate due process under some circumstances. *Roberts v. United States*, 445 U.S. 552, 556 (1980) (citation omitted). "'A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).

Under MICH. COMP. LAWS § 777.37(1), the sentencing court may assign 50 points to offense variable 7 for "aggravated physical abuse," if a "victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." *Id.* According to the brief filed by Petitioner's counsel on appeal, Petitioner shot the victim twice after he and the victim were involved in a fight for the gun, and the second shot was fired after the victim was on the ground. (Ex. C, Page ID#36.) The trial court determined that the 50 points were warranted in Petitioner's case because it believed that Petitioner's conduct constituted excessive brutality. Petitioner's counsel argued to the Michigan Court of Appeals that Petitioner was merely trying to protect himself; thus, his conduct did not meet the definition of excessive brutality in the statute. (*Id.* at Page ID##36-37.) Petitioner raises the same claim in his habeas petition.

Petitioner's claim is a challenge to the state court's application of state sentencing law. Petitioner attempts to raise a constitutional due-process claim by asserting that the trial court relied on inaccurate information. Petitioner does not, however, identify the inaccurate information, much less show that the trial court relied on information that was false. Indeed, Petitioner does not question the accuracy of any facts relied upon by the trial court. He does not dispute that he shot the victim twice after a struggle, or that the second shot was fired while the victim was on the ground. Instead, Petitioner challenges the state court's interpretation and application of "excessive brutality" in the state sentencing statute. Petitioner's claim is purely a question of state law; as such, it is not a basis for federal habeas relief.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: December 9, 2011                               /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE